NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re BLACKROCK MUTUAL FUNDS ADVISORY FEE LITIGATION, | |
| TIMOTHY DAVIDSON, | Master File No. 14-1165 (JAP) (DEA) |
| Plaintiff, | Civil Action No. 14-2683 (JAP) (DEA) |
| v. | **ORDER** |
| BLACKROCK ADVISORS, LLC, et al., | |
| Defendants. | |

This matter is before the Court on a Motion to Modify the Court's May 5, 2014 Order Designating Plaintiffs' Lead Counsel and Local Counsel (the "Order") by Plaintiff Timothy Davidson ("Davidson"). The Order, by which the Court designated Zwerling, Schacter & Zwerling, LLP ("Zwerling Schacter") as lead counsel and Szaferman, Lakind, Blumstein & Blader, P.C. ("Szaferman Lakind") as local counsel, provides for automatic consolidation of later-filed actions sharing common issues of law or fact with the Consolidated Action and subjects such actions to the terms of the Order. With his request, Davidson does not dispute that his action is subject to automatic consolidation with the Consolidated Action; rather, Davidson now asks the Court to reconsider and modify the Order to appoint his counsel, the Brualdi Law Firm, P.C. ("BLF"), to serve as Lead or Co-Lead Counsel for Plaintiffs.

It is well-established that a motion for reconsideration is an extraordinary remedy that should be granted "very sparingly." *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683

(D.N.J. 2005) (quoting *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)).  Davidson has not met this high standard, nor does he explain how he satisfies any of the necessary requirements for granting a motion for reconsideration, namely, (1) an intervening change in the law, (2) the availability of new evidence, or (3) the need to correct a clear error of law or prevent manifest injustice.  *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Therefore, Davidson's request must be denied.

Furthermore, and contrary to Davidson's assertion that the Court simply "entered a stipulation" regarding the appointment of counsel, the Court has already analyzed all the relevant factors for the appointment of counsel, and found Zwerling Schacter and Szaferman Lakin to be appropriate and adequate counsel in this matter.  There is no reason to overturn or otherwise modify this determination.

THEREFORE, IT IS, on this 22nd day of May 2013,

ORDERED that Davidson's Motion to Modify the Court's May 5, 2014 Order Designating Plaintiffs' Lead Counsel and Local Counsel is DENIED; and it is further

ORDERED that *Davidson v. BlackRock Advisors, et al.*, Civil Action No. 14-2863 shall be consolidated with *In re BlackRock Mutual Funds Advisory Fee Litig.*, Master File No. 14-1165, pursuant to the Court's Order of May 5, 2014.

/s/ Joel A. Pisano
Joel A. Pisano, U.S.D.J.