## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2217
DIRECT FAX
917-777-2217
EMAIL ADDRESS
ANDREW.MUSCATO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

November 25, 2014

Honorable Joel A. Pisano
United States District Judge
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

      Re: In re BLACKROCK MUTUAL FUNDS ADVISORY
        FEE LITIGATION, Action No. 3:14-cv-1165-JAP-DEA

Dear Judge Pisano:

  On behalf of defendants, we respectfully request that Your Honor accept this brief response to plaintiffs' letter of November 21, 2014 referring the Court to a decision on a motion to dismiss in Zehrer v. Harbor Capital Advisors, Inc., No. 14 C 789 (N.D. Ill. Nov. 18, 2014)("Zehrer").

  Zehrer is another readily distinguishable case on which plaintiffs mistakenly rely. Zehrer, for example, does not involve the apples-to-oranges comparison plaintiffs attempt to make here, *i.e.*, a comparison of the *advisory* fee defendant BRA received from the BlackRock Funds with the *subadvisory* fee defendant BRIM received for services rendered to the Sub-Advised Funds. (See Docket Entry 34-1, at 9-10.) There also is no indication in the Zehrer opinion that the underlying documents integral to the complaint contradicted plaintiffs' allegations, thereby rendering them implausible. (See Zehrer, slip op. at 7-8 & n. 6) In direct contrast, the documents integral to the Complaint in this case establish that plaintiffs' conclusory "excessive fee" allegations are manifestly implausible by showing that (a) BRA and BRIM do *not* render the same services, as the Complaint baldly alleges, (b) BRA alone has continuous oversight responsibility for the billions of dollars of BlackRock Fund assets under management, and (c) there are no facts alleged in the Complaint sufficient to show that BRA's advisory fee bears no reasonable relationship to the substantial services it alone is expressly tasked with rendering to the BlackRock Funds. (See Docket Entry 46, at 3-5.)

Honorable Joel A. Pisano
November 25, 2014
Page 2

       Consequently, nothing in <u>Zehrer</u> alters the conclusion that the Complaint in this case fails to state a claim under Section 36(b) of the Investment Company Act of 1940.

                                               Respectfully yours,

                                               <u>/s/ Andrew Muscato</u>
                                               Andrew Muscato

AM:nm
cc:    Robert L. Lakind, Esq.
       Arnold C. Lakind, Esq.
       Andrew W. Robertson, Esq.
       Robin F. Zwerling, Esq.